ARMSTRONG *et al.*, appellants, v. BALDWIN.

*Action on contract. Pleading. Evidence.*

In an action against B. the complaint alleged that an agreement was made between B. and C. whereby B. was to receive and manufacture into cheese milk from C.'s dairy, and sell the cheese and pay the proceeds to C.; that C. had delivered the milk and that B. had made the cheese and sold it without paying over the proceeds, whereby B. became indebted to C. in a specified sum. On the trial it appeared that the milk was delivered under a writing which was not set out or referred to in the complaint. *Held,* that the writing was admissible to show the actual agreement under which the milk was delivered. It was sufficient to set forth in the complaint the agreement according to its legal effect.

APPEAL from a judgment entered at circuit in favor of defendant. The action was originally brought in a justice's court by Enoch B. Armstrong and Henry S. Armstrong against George O. Baldwin, to recover for milk delivered at the defendant's cheese factory by one Ward, who afterward assigned his claim to plaintiffs. There was a recovery before the justice of $200 damages and costs, and defendant appealed to the county court. The cause was subsequently trans-

ferred to the supreme court to be tried on the original pleadings. The complaint alleged in substance that, on or about the 1st day of May, 1863, the defendant entered into an agreement with Ward to receive and manufacture into cheese the milk from Ward's dairy, and to sell said cheese for Ward and pay over to him the proceeds thereof; that under the agreement Ward delivered the milk and defendant manufactured the cheese and sold it, but did not pay over the proceeds to Ward, whereby defendant became indebted in the sum of $322.50. At the trial Ward was called as a witness, and testified that the milk of his dairy was carried to defendant's factory, whereupon defendant insisted that the milk was delivered under a written contract which his counsel produced and which was read in evidence. The writing was in a book called a "milk-book," and began as follows: " We, the undersigned, do subscribe to the following contract with George O. Baldwin, to deliver the milk," etc. The writing was dated May 13, 1863, and signed by Ward and other persons, but not by Baldwin. Evidence of the quantity of milk was thereupon excluded, and plaintiffs' counsel excepted. An application for leave to amend the complaint, by inserting the writing, was denied, to which plaintiffs' counsel excepted. The plaintiffs then offered to show the actual agreement and that the milk was delivered as alleged in the complaint, and that the defendant had sold the cheese and received the money for it. This was excluded, and exception taken. The judge then nonsuited the plaintiffs. And after judgment the plaintiffs appealed to this court.

*Spriggs & McIncrow* and *A. Coburn,* for appellants, cited *Safford* v. *Stevens,* 2 Wend. 158 ; *Kelly* v. *Kelly,* 3 Barb. 419 ; *Emery* v. *Rose,* 20 N. Y. 62, 64, 65 ; *Kern* v. *Towsley,* 51 Barb. 385; *Smith* v. *Leland,* 2 Duer, 497 ; *Poirer* v. *Fisher,* 8 Bosw. 258, 263 ; *Catlin* v. *Gunter,* 11 N. Y. 368.

*Roscoe Conkling* and *Alfred C. Coxe,* for respondent, cited *Bailey* v. *Johnson,* 1 Daly, 61; *Waldheim* v. *Sichel,* 1 Hilt. 45 ; *Ransom* v. *Wetmore,* 39 Barb. 104 ; *Ford* v. *Ford,* 53 id. 525 ; *Saltus* v. *Genin,* 19 How. 233; *Van Syckles* v. *Perry,* 3 Robt. 622.

GILBERT, J. Treating the paper in the milk-book dated May 13, as containing the actual agreement between the defendant and the plaintiff's assignor, we are unable to perceive any variance between it and the cause of action set forth in the first and second counts

of the complaint. It was said upon the trial, and again repeated on this appeal, that there was such a variance. But none has ever been pointed out. The averments in the complaint may not embrace all the written stipulations. But that makes no variance. It was enough to set forth the agreement according to its legal effect upon the rights of the parties. That we think was done. Nor can it be deemed a contract between the defendant and the subscribers to it jointly. The nature of the transaction precludes such a construction.

Again, it is said that the paper does not import to be a contract on the defendant's part. Technically speaking this is correct, although it is hardly consistent with the previous position assumed by the defendant. But the paper was competent and very pertinent evidence in connection with other testimony to show what the actual agreement was under which the milk was delivered by the assignor of the plaintiff, and received by the defendant. On proof of the allegations referred to, contained in the complaint respecting such agreement, and that the milk delivered to the defendant made the quantity of cheese stated, that the defendant sold it and received the proceeds thereof, and that he has refused to pay over such proceeds, the plaintiffs would be entitled to recover the amount thereof. It was error, therefore, to reject the evidence offered on this subject.

The judgment must be reversed and a new trial granted, with costs to abide the event.

*Judgment reversed, new trial granted.*